UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EASTERN DISTRICT ARKANSAS
MAY 20 2005
JAMES W. McCORMACK, CLERK
DEP CLERK

CHARLES A. WEBB,

Plaintiff,

v.

MBNA AMERICA BANK (DELAWARE), N.A.;
CACV, INC.;
CACV OF COLORADO, LLC; and
NATIONAL ARBITRATION FORUM, INC.

Defendant.

Cause No. 1:04-cv-107GH

**MBNA AMERICA BANK, N.A.'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff's Complaint seeks the vacation of the Arbitration Award entered against him on November 6, 2003 under the Federal Arbitration Act ("FAA") (Second and Sixth Claims for Relief) and various other statutory and common law claims arising out of the facts at issue before the National Arbitration Forum (First, Third, Fourth and Fifth Claims for Relief). First, any action to vacate an award under the FAA must be served "within three months after the award is filed or delivered." 9 U.S.C. § 12. Plaintiff's Complaint was filed on December 17, 2004 – more than one year after the Arbitration Award was filed. Thus, to the extent Plaintiff seeks the vacation of the Arbitration Award in his Second and Sixth Claims for Relief, he is time barred.

Second, Plaintiff's remaining claims are barred by the doctrines of res judicata and collateral estoppel because such claims arise out of the same facts at issue before the National Arbitration Forum and require a contrary finding that Plaintiff's debt was *not* properly due and owing. This issue cannot be re-litigated in this Court, thus these claims should be dismissed.

Finally, these remaining claims are also barred by other statutory preclusions discussed below. Accordingly, because Plaintiff is precluded from asserting the claims alleged in his Complaint against MBNA America Bank, N.A. ("MBNA"), MBNA's motion to dismiss should be granted.

## II. STATEMENT OF FACTS

On December 17, 2004, Plaintiff Charles A. Webb ("Plaintiff") filed his Complaint against MBNA, CACV, Inc. ("CACV"), CACV of Colorado, LLC ("CACV Colorado") and the National Arbitration Forum, Inc., seeking vacation of the November 6, 2003 arbitration award. *See* Complaint at Second and Sixth Claims for Relief. The Complaint also seeks damages for: (1) alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 (First Claim for Relief), (2) invasion of privacy and damage to reputation for allegedly reporting false credit information to three national credit reporting agencies (Third and Fifth Claims for Relief), and (3) alleged intentional infliction of emotional distress (Fourth Claim for Relief).

"For purposes of a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and must accept the allegations in the complaint as true." *Graham v. Bryce Corp.*, 348 F.Supp.2d 1038 (E.D.Ark. 2004); *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). The facts alleged by Plaintiff are as follows:

Plaintiff alleges that MBNA issued him a credit card for which he never applied. *Id.* at ¶ 8. Plaintiff learned of this credit card when he received an account statement from MBNA stating he owed over $11,000.00. *Id.* at ¶¶ 8, 12. Plaintiff did not pay the amount due on the account. *Id.* On November 7, 2001, MBNA sold the delinquent account to Defendant CACV, Inc. *Id.* at ¶ 9.

Plaintiff next alleges that at some unknown date MBNA entered into various agreements with Defendant CACV, Inc. and Defendant CACV Colorado to hire individuals to make

harassing phone calls and send harassing letters to Plaintiff in an attempt to collect the debt. *Id.* at ¶¶ 10-19 and 23. These threatening letters began on November 22, 2001 – two weeks after MBNA sold the account to Defendant CACV – and ended on July 31, 2002. Complaint at ¶ 10-19.

Defendant CACV Colorado submitted a "Notice of Arbitration" to Plaintiff and the National Arbitration Forum set the matter for arbitration. *Id.* at ¶ ¶ 24 and 27. On February 13, 2003, Defendant National Arbitration Forum submitted a "Second Notice of Arbitration" to Plaintiff. Complaint at ¶ 25. On February 28, 2003, Plaintiff filed his "Response," disputing the indebtedness, denying he entered into an arbitration agreement and demanding production of documents. *Id.* at ¶ 26.

On November 6, 2003, Defendant National Arbitration Forum filed its Arbitration Award in favor of Defendant CACV Colorado in the amount of $16,827.84. *Id.* at ¶ 27. Attached hereto as Exhibit A is a true and correct copy of the Arbitration Award referenced and relied upon in the Complaint.[1] On the face of the Arbitration Award, the Honorable Harold Kalina,

---

[1] The attachment of the Arbitration Award – plead by Plaintiff and central to his Complaint – does not convert this Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *See Latimer v. Robinson*, 338 F. Supp. 2d 841, 843 (M.D. Tenn. 2004) ("Federal Rule of Civil Procedure 12(b) does not require a court to convert a motion to dismiss, despite a party's submission of extrinsic evidence, *where one or more of the following* exists: (1) the evidence consists of proceedings of which the court is permitted to take judicial notice, (2) the documents' contents are alleged in the plaintiff's complaint, and their authenticity is unchallenged, and (3) the defendant's attachment of extrinsic material to its motion to dismiss does not rebut, challenge, or contradict anything in the plaintiff's complaint.") (emphasis added) (internal citations omitted) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 n. 23 (3d ed. 1990)); *see also Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) ("Though 'matters outside the pleading' may not be considered in deciding a Rule 12 motion to dismiss, documents 'necessarily embraced by the complaint' are not matters outside the pleading.").

Director of Arbitration, certified that he served a copy of the Arbitration Award on Plaintiff by sending it by first class mail on November 6, 2003. *Id.*

On October 7, 2004, Defendant CACV Colorado, though its attorneys, filed a "Petition to Enforce Arbitration Award" in the Circuit Court of Sharp County, Arkansas, Cause No. CV2004-159. *Id.* at ¶ 30. On December 17, 2004, Plaintiff filed his "Complaint" in this Court.

III. ARGUMENT

MBNA recognizes that a Rule 12(b)(6) motion to dismiss will be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Graham*, 348 F.Supp.2d at 1040, quoting *Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864 (8th Cir. 1999). A dismissal under Rule 12(b)(6) is likely to be granted when "plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Graham*, 348 F.Supp.2d at 1040, quoting *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003). MBNA has met this standard because the allegations in Plaintiff's Complaint demonstrate that Plaintiff's claims are barred as a matter of law because: (1) Plaintiff failed to file a motion to vacate the arbitration award within three months of the filing and service of the arbitration award as required by the FAA; and (2) Plaintiff's remaining claims are prohibited by the doctrines of res judicata and collateral estoppel and other statutory preclusions.

A. Plaintiff's Second And Sixth Claims For Relief Are Time Barred Under The Federal Arbitration Act

Section 12 of the Federal Arbitration Act, states:

> **§ 12. Notice of motions to vacate or modify; service; stay of proceedings**
> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be

> served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.

9 U.S.C. § 12.

This section clearly states that, under the FAA, a motion to vacate an arbitration award must be filed within three months from the date that the arbitration award was filed or served. *Olson v. Wexford Clearing Services Corp.*, 397 F.3d 488 (7th Cir. 2005) ("Any motion to vacate an award under § 10 of the FAA must be served 'within three months after the award is filed or delivered.' The plain language of § 12 does not provide for any exceptions to the three-month window and says nothing about tolling.") (citations omitted).

Failure to meet this three-month time limit is an insuperable bar to relief. *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600-01 (8th Cir. 1981) (Pro se plaintiffs who attempted for three months after arbitration award to seek review through correspondence with various private and governmental agencies were nevertheless barred because they did not file a motion to vacate within the three-month period set out in 9 U.S.C. § 12.).

Some Courts hold that a "motion to vacate" is the sole vehicle for challenging an arbitration award. *See ANR Coal Co., Inc. v. Cogentrix of North Carolina, Inc.*, 173 F.3d 493, 496-97 (4th Cir. 1999) (FAA sets forth the sole method to challenge an arbitration award, by serving a motion to vacate within three months of the rendering of the award, and does not permit a party to initiate a challenge to an arbitration award by filing a complaint).

Nevertheless, if and when allowed, a complaint seeking to vacate an arbitration award will be treated the same as a motion to vacate, and is also subject to the three-month limitation of 9 U.S.C. § 12. *See Norton v. AMISUB St. Joseph Hosp.*, 155 F.3d 1040, 1041 (8th Cir. 1998)

(district court properly granted motion to dismiss complaint seeking to vacate arbitration award because it was not filed with the three-month period provided in 9 U.S.C. § 12); *Kuroda v. Hertz Corp.*, 1995 WL 394276 at *3 (9th Cir. 1995) ("Because Kuroda raised his unfair arbitration claim outside the three-month limitation period, the district court properly granted defendants' motion for summary judgment on this claim.") (citations omitted); *Witt v. Reinholdt & Gardner*, 587 F.2d 383, 384 (8th Cir. 1978) (failure of plaintiffs to give defendants notice of action to vacate or modify arbitration award prior to filing suit in federal district court justified dismissal of action); *see also DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 165-66 (1983) (analogized employee's claim for breach of contract against the employer to an action to vacate an arbitration award and applied 90-day time limit).

Further, failure to file a motion to vacate within the three-month period waives any defenses to a Petition to Enforce an Arbitration Award that might have been asserted in a timely motion to vacate. *See Domino Group, Inc. v. Charlie Parker Memorial Foundation*, 985 F.2d 417, 419-20 (8th Cir. 1993) ("Foundation's failure to file a motion to vacate, modify, or correct within three months of either the initial award or the Clarification of Award waived any defenses to confirmation that might be asserted in a timely motion to vacate.").

Last year, the District Court for the Middle District of Louisiana granted a Rule 12(b)(6) motion to dismiss a complaint seeking to vacate an arbitration award under facts similar to those presented here. In *Smith v. Shell Chemical Co.*, 333 F.Supp.2d 579, 584-85 (M.D.La. 2004) (Polozola, C.J.), a terminated security officer brought an action against his former employer and company alleging race discrimination. Following stay of proceedings and issuance of arbitration award in favor of former employer and company, the security officer brought separate action

against the former employer, company, and arbitration association. The district court granted defendant's Rule 12(b)(6) motion to dismiss, stating:

> Section 12 clearly requires that a notice to vacate under this Act be served upon the adverse party or his attorney "within three months after the award is filed or delivered." In this case, even if the Court would consider the filing of plaintiff's complaint as sufficient to constitute notice of a motion to vacate, the plaintiff failed to serve the adverse parties in this matter within the three month time period allowed under the Act.
>
> * * *
>
> Plaintiff had three months from February 10, 2004, at the latest, to serve notice of his intention to vacate the arbitration award upon the adverse parties. Thus, the adverse parties had to be served by May 10, 2004. The record reflects that Shell was not served until May 13, 2004, and Burns was not served until May 25, 2004. It is clear to the Court that, even if the Court accepts plaintiff's motion as a motion to vacate the arbitration award pursuant to the FAA, plaintiff has failed to timely serve the adverse parties in accordance with the provisions of the FAA. Since plaintiff's service upon the defendants was untimely, plaintiff's motion for relief from judgment, which the court also treated as a motion to vacate pursuant to the FAA, shall be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Smith v. Shell Chemical Co.*, 333 Supp.2d at 584-85 (M.D.La. 2004) (citations and footnotes omitted); *see McClelland v. Azrilyan*, 31 F.Supp.2d 707 (W.D. Mo. 1998) (Party to arbitration award that fails to comply with statutory precondition of timely service of notice of motion to vacate, modify or correct forfeits right to judicial review of award.).

In *Smith*, the plaintiff missed by three days. Here, Plaintiff missed by ten months. The Arbitration Award was entered on November 6, 2003, but the Complaint was not filed until December 17, 2004.

The Complaint itself evidences Plaintiff's intent that it be considered a motion to vacate under 9 U.S.C. §§ 10 and 12. Plaintiff introduced the Complaint by stating: "This is an action brought by Charles A. Webb, an individual, for Defendants' violations of . . . the United States Arbitration Act of 1947, 9 United States Code Annotated §§ 1, *et seq.*, which prescribes the circumstances under which an arbitration award may be made and vacated and prohibits

misconduct of either of the parties and of the arbitrator." Complaint at ¶ 1. In the Second Claim for Relief, Plaintiff cites 9 U.S.C. § 10 on three separate occasions, arguing "evidence of corruption, fraud, or other unlawful behavior," "the arbitrator was partial" to CACV Colorado, and failure of a hearing. Complaint at ¶¶ 36, 37 and 39. In the Sixth Claim for Relief, Plaintiff states: "Since there is no contract and no mutuality of contract, which is a requirement for enforceability, the arbitration award against Plaintiff must be set aside and held for naught." Complaint at ¶ 58.

Further, in the Prayer for Relief, Plaintiff actually invokes the three-month time limit of 9 U.S.C. § 12 in seeking: "Statutory relief, including but not limited to damages against Defendants, and each of them, jointly and severally, pursuant to 9 U.S.C.A. §§ 10 and 12 . . . ." Prayer at (d). Finally, the Prayer for Relief also seeks: "That the arbitration award entered against Plaintiff be dismissed, set aside and held for naught as requested in Plaintiff's sixth claim for relief." Prayer at (i).

Based on an abundance of case law, there is no doubt that Plaintiff's Second and Sixth claims are subject to the three-month time limit of 9 U.S.C. § 12. Because Plaintiff did not file his Complaint until thirteen months after the November 6, 2003 Arbitration Award, the claims are time barred. Accordingly, like in *Smith*, MBNA's Rule 12(b)(6) motion to dismiss should be granted. *See Norton*, 155 F.3d at 1041 (8th Circuit affirmance of district court's dismissal of time barred *complaint* under 9 U.S.C. § 12); *Witt*, 587 F.2d at 384 (same).

B. Plaintiff's First, Third, Fourth And Fifth Claims Are Barred By Res Judicata And Collateral Estoppel And Other Statutory Preclusions

Dismissal of the Second and Sixth Claims for Relief would necessarily implicate the remainder of the Complaint. The remaining claims seek damages for: (1) alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 (First Claim for Relief), (2) invasion of

privacy and damage to reputation claims for allegedly reporting false credit information to three national credit reporting agencies (Third and Fifth Claims for Relief), and (3) alleged intentional infliction of emotional distress (Fourth Claim for Relief). All of these remaining claims arise out of the collection efforts of CACV, Inc. and CACV Colorado and the issue of whether Plaintiff's debt was properly due and owing. This was the sole issue before the National Arbitration Forum. As such, the re-litigation of this issue in this Court is barred by the doctrines of res judicata and collateral estoppel. Finally, these claims are also barred by other statutory preclusions.

*1. Res Judicata and Collateral Estoppel*

The Arbitration Award finds that Plaintiff's debt was properly due and owing. As discussed above, the time for challenging the Arbitration Award has passed. Therefore, the Arbitration Award is deemed a binding, final judgment on the parties for the purposes of res judicata and collateral estoppel. *See Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon*, 210 F.3d 814, 817 (8th Cir. 2000), reversed on other grounds in *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279 (2002) ("We have specifically held that an arbitrator's award constitutes a final judgment for the purposes of collateral estoppel and res judicata."); *Mandich v. Watters*, 970 F.2d 462, 465 (8th Cir. 1992) (An arbitration award is a prior adjudication for collateral estoppel purposes.).

This Court, in *Mahan v. Reynolds Metals Co.*, 569 F.Supp. 482 (E.D.Ark 1983), affirmed by *Mahan v. Reynolds Metals Co.*, 739 F.2d 388 (8th Cir. 1984), has held that a prior arbitration award has a res judicata effect on a subsequently filed complaint:

> In the case before this Court, the final decision on the pension claim at the administrative level was the result of binding arbitration. Therefore, the Court concludes that because this individual claim, based on the denial of a pension benefit, is brought under ERISA after it had already been subject to a binding

> arbitration decision, the Court must give the arbitrator's decision res judicata effect as long as the arbitrator's decision drew its essence from the contract.
>
> * * *
>
> 'Further, although plaintiff claims to assert her rights under ERISA, the gravamen of her complaint is the interpretation of the Plan and the collective bargaining agreement. Her dissatisfaction with the results of the arbitration before an impartial arbitrator does not give her cause to adjudicate the matter de novo before this court.'
>
> * * *
>
> Whether the majority of the Board was right or wrong in its interpretation of that Plan provision in the plaintiff's case is not subject to review by this Court. Therefore the issue before this Court being res judicata, the Court finds that the plaintiff is barred from adjudicating the issue presented and is bound by the determination of the Medical Board.

*Mahan*, 569 F.Supp. at 488-91.

Accordingly, res judicata and collateral estoppel bar Plaintiff here from re-litigating claims that would require a finding that the debt was *not* properly due an owing. *See Manion v. Nagin*, 392 F.3d 294, 300-01 (8th Cir. 2004) (terminated employee challenged arbitration award in favor of company and subsequently brought separate claims against individuals in company; claims against the individuals were collaterally estopped because they required findings contrary to the arbitration award); *Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir. 1998) (arbitration award entered in favor of contractor and against tribe operated under doctrine of res judicata to bar the tribe's subsequent assertion of breach of contract claims against contractor; tribe had full and fair opportunity to litigate issues at arbitration hearing, but chose not to, knowing full well that award would be entered against it). Plaintiff's remaining claims all arise out of the same facts at issue before the National Arbitration Forum and seek a re-litigation of whether the debt was properly due and owing. Because Plaintiff cannot re-litigate this issue in this Court, the First, Third, Fourth and Fifth Claims for Relief should be dismissed.

*2. Other Statutory Preclusions*

In addition to the res judicata and collateral estoppel bar, the First, Third and Fifth Claims for Relief fail to state claims against MBNA for other reasons as well. First, the First Claim seeks relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, which does not apply to MBNA here. The statute is limited to specifically defined "debt collectors." 15 U.S.C. § 1692(a)(6). The statute states, in part:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692(a)(6).

MBNA is not a "debt collector" as defined by 15 U.S.C. § 1692(a)(6), and thus cannot be liable under the First Claim for Relief. *See Thomasson v. Bank One, Louisiana*, N.A., 137 F.Supp.2d 721 (E.D.La. 2001) (Bank was not "debt collector" for purpose of customer's claim under FDCPA for alleged harassment; although bank employed third party on its behalf to collect on debt, customer alleged that bank was collecting debt owed directly to it and bank's primary purpose was to loan money to consumers, not collection of outstanding debts.).

Second, the statue of limitations on a claim under the FDCPA is one year. 15 U.S.C. § 1692(k)(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."). The Complaint states that all alleged violations occurred in the years 2001 and 2002 – the last alleged violation occurring July 31, 2002. Complaint at ¶¶ 10-23. The Complaint was

not filed until December 17, 2004 – 17 months after the last alleged violation. Thus, the First Claim for Relief is time barred. Accordingly, the First Claim for Relief should be dismissed.

Third, for similar reasons, the Third and Fifth Claims for Relief also fail to state a claim against MBNA. The Third and Fifth Claims assert invasion of privacy and damage to reputation for reporting allegedly untrue negative credit information to national credit reporting agencies. These claims are precluded by the Fair Credit Reporting Act, 15 U.S.C. §1681, *et al.* Claim Three, for example, alleges:

> After maintaining an excellent credit history for some 40 years, Plaintiff is no longer able to secure credit privileges for himself as a result of these wrongful and unlawful reports to these three (3) national credit reporting agencies being published in his personal credit report for a period in excess of six (6) years.

Complaint at ¶ 44. To the extent Plaintiff attempts to state common law claims for damage to creditworthiness, all such claims are expressly and completely preempted by the Fair Credit Reporting Act, 15 U.S.C. §1681h(e), §1681t(b)(1)(F). *See Bruce v. First U.S.A. Bank, Nat. Ass'n*, 103 F.Supp.2d 1135, 1145-46 (E.D.Mo. 2000). Accordingly, this Court should dismiss the Third and Fifth Claims for Relief against MBNA.

## IV. CONCLUSION

For the foregoing reasons, Defendant MBNA America Bank, N.A. respectfully requests that the Court enter an Order dismissing all Claims of Plaintiff's Complaint against MBNA with prejudice for failure to state a claim upon which relief can be granted, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Frederick S. Ursery (#67055)
Jamie Huffman Jones (#2003125)
200 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201-3493

Christopher M. Hohn, Esq.
Matthew J. Landwehr, Esq.
Thompson Coburn LLP
One US Bank Plaza, Suite 2600
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (facsimile)

Attorneys for Defendant
MBNA America Bank, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on counsel listed below via U.S. Mail, first class postage pre-paid this 20th day of May, 2005 to:

J. Fletcher See III
See, Penn & Associates
10800 Financial Center Parkway
Suite 260
Little Rock, Arkansas 72211

Becky A. McHughes
McHughes Law Firm
917 W. 2nd Street
P.O. Box 2180
Little Rock, Arkansas 72203-2180

William David Duke
Robinson, Staley, Marshall & Duke
400 West Capitol, Suite 2891
Little Rock, Arkansas 72201



NATIONAL
ARBITRATION
FORUM ®

CACV of Colorado, LLC
1999 Broadway
Suite 2150
Denver, CO 80202

CLAIMANT(s),

**AWARD**
**RE: CACV of Colorado, LLC v Charles A Webb**
**File Number: FA0301000139931**
**Claimant File Number: 12408018011101805**

Charles A Webb
P.O. BOX 880
Hardy, AR 72542

RESPONDENT(s).

---

The undersigned Arbitrator in this case FINDS:

1. That no known conflict of interest exists.
2. That on or before 01/06/2003 the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration in accordance with the Forum Code of Procedure.
3. That the Claimant has filed a claim with the Forum and served it on the Respondent in accordance with Rule 6.
4. That the Respondent has filed a response with the Forum and served it on the Claimant.
5. That the matter has proceeded in accord with the applicable Forum Code of Procedure.
6. The Parties have had the opportunity to present all evidence and information to the Arbitrator.
7. That the Arbitrator has reviewed all evidence and information submitted in this case.
8. That the information and evidence submitted supports the issuance of an Award as stated..

**Therefore, the Arbitrator ISSUES:**
An Award in favor of the Claimant, for a total amount of $16,827.84.

Entered in the State of Arkansas

Jim Lyons, Esq.
Arbitrator

Date: 11/06/2003

**ACKNOWLEDGEMENT AND CERTIFICATE OF SERVICE**

This Award was duly entered and the Forum hereby certifies that a copy of this Award was sent by first class mail postage prepaid to the parties at the above referenced addresses on this date.

**Honorable Harold Kalina**
**Director of Arbitration**
11/06/2003

PENGAD 800-631-6989
DEFENDANT'S EXHIBIT
A