IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHARLES A. WEBB,

    Plaintiff,

vs.                                                              Docket Number 1:04cv-107GH

MBNA AMERICA BANK (DELAWARE),
N. A.; CACV, INC.; CACV OF COLORADO,
LLC; and NATIONAL ARBITRATION
FORUM, INC.,

    Defendants.

PLAINTIFF'S MEMORANDUM IN RESPONSE TO
MBNA AMERICA BANK, N.A.'S MOTION TO DISMISS

COMES NOW Plaintiff, Charles A. Webb, by and through his counsel of record, and for his response in opposition to the Motion to Dismiss, filed by and on behalf of MBNA AMERICA BANK, N.A. (hereinafter "MBNA") respectfully states the following:

I. FRCP 12(b)(6)

Defendant MBNA presents it's Motion to Dismiss pursuant to FRCP 12(b)(6). Such a Motion is disfavored and it is rarely granted. Graves v. Tubb 281 F. Supp. 2d 886, 889 (ND Miss 2003). The court shall "…assume the facts pleaded are true and will construe those facts in the light most favorable to the Plaintiff[s]" Gebhardt v. Conagra Foods, Inc., 335 F3d 824 (8th Cir. 2003)

## II. TIMELINESS

MBNA asserts that under the Federal Arbitration Act (hereinafter "FAA"), Plaintiff's second and sixth claims, for relief are time barred for failure to file a Motion to Vacate within three (3) months of November 6, 2003. MBNA's conclusion that Plaintiff's Complaint is time barred is based upon fallacious reasoning and upon misapplication of the law to the facts of this case.

The subject arbitration was titled "CACV of Colorado, LLC vs. Charles A. Webb". MBNA was not a party to this arbitration, and therefore, does not have standing to argue the viability of the award. USCA Art. 3§2. Setting aside the subject award of Arbitration will not affect MBNA as its assumably is not entitled to a portion of the award.

On October 7, 2004, Defendant CACV of Colorado, LLC filed a Motion to Enforce Arbitration Award in Sharp County Circuit Court Case # CV2004-159. Section 13 of the "FAA" requires, in subparagraph C, that the agreement to submit to binding arbitration, *inter alia*, be attached to any confirmation or enforcement document which is filed. Defendant CACV of Colorado LLC did not and cannot attach any agreement to arbitration because there has never been an arbitration agreement executed between Plaintiff and any Defendant. Paragraph two (2) of the award in the findings of the arbitrator is patently false ..."[t]hat on or before 1/6/2003 the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration..." This is the threshold dispute in this case. The court must examine the "findings" of the arbitration award in order to determine whether a final enforceable award has been made.

In <u>AT&T Technologies, Inc. v. Communications Workers of America</u>, 475 U.S. 643, 106 S.Ct.1415 (1986), the Supreme Court reviewed the Steelworkers' Trilogy (citations omitted) in holding that no party can be required to submit to arbitration any dispute which he has not agreed to submit. Citing this as the first principle in the Trilogy, the Supreme Court goes on to articulate the second principle that "follows inexorably from the first,..." <u>Id.</u> at 648. This second rule is that "the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator, unless the parties clearly and unmistakably provide otherwise." (Emphasis ours.) <u>Id.</u> at 649. This question of arbitrability was also addressed in <u>First Options of Chicago Inc. v. Kaplan,</u> 514 US 938, 941 (1995), wherein the court notes that "arbitration is simply a matter of contract between the parties; it's a way to resolve those disputes but only those disputes that the parties have agreed to submit to arbitration...". This issue should clearly be addressed to the court herein.

The Seventh Circuit, just earlier this year, contemplated the question of the three-month limitations period set forth at 9 U.S.C.A. §12, in a securities case so that "[I]n determining the finality of an arbitration award, we consider whether "the award itself, in the sense of judgment, order, bottom line, is incomplete in the sense of having left unresolved a portion of the parties' dispute." <u>Olson v. Wexford Clearing Services Corp.</u>, 397 F.3d 488 (7th Cir.2005). Clearly, the pivotal issue of whether there is or has ever been an agreement to arbitrate in this case, particularly where there is a "finding" in the purported award that there was such an agreement to arbitrate, leaves unresolved a portion of the parties' dispute, and leaves unresolved the most critical issue in this

litigation, the fraud or misrepresentation by the defendants. There is no agreement to arbitrate in existence between this consumer credit card issuer and Plaintiff, and this is the fraudulent conduct in this cause of action.

As described above, the Olson case is relied upon by MBNA for the proposition that the three-month limitations period is applicable to this case at bar. However, Olson also addresses the pivotal question of the finality of the arbitration award required in 9 U.S.C.A. §10(a)(4). See id. at 491. While the Olson Court pointed out that a party who is uncertain about the finality of an arbitration award should err on the side of complying with the three-month requirement, that Court went on, referring to this statutory provision, to state that "[t]he FAA authorizes a party to petition the district court if it believes that 'a mutual, final, and definite award' was not made." After the purported arbitration award at issue in this case was received by Plaintiff, as recited in paragraph 30 of his Complaint, Plaintiff made no less that 28 written requests to attempt to get a copy of the agreement to arbitrate, or a copy of whatever document was being referenced in item 2 of the November 6, 2003, "findings" of this arbitrator. However, an agreement to arbitrate was never produced in this case because one does not exist. As with the Olson Court, the Eighth Circuit addressed the issue of the three-month limit imposed by 9 U.S.C. §12 in Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598 (1981). Contrary to the assertion of MBNA, this decision does not support the proposition that "[f]ailure to meet this three-month time limit is an insuperable bar to relief." In addition to giving attention to the three-month limitation question, the Piccolo Court addresses a "due diligence" exception to the three-month time bar, citing Holodnak v. Avco Corp.

-4-

(citations omitted), wherein that exception was carved. Plaintiff verily believes that he has demonstrated his due diligence in attempts to secure from defendants, or either of them, evidence of any paper writing that would bind, limit or restrict his legal rights within the context of the FAA. Neither of these defendants has ever produced any such paper writing, and, therefore the FAA inapplicable to the facts of our case at bar. Therefore, the FAA limitations cannot be applied to this case.

Closely related to this issue of finality of judgment addressed by the Olson Court and the issue of due diligence addressed by the Piccolo Court, is the issue of "equitable tolling." Clearly, in our case, as was found by the Sixth Circuit of the Court of Appeals in Andrews v. Orr, 851 F.2d 146 (1988) and Fox v. Eaton Corporation, 615 F.2d 716 (1980), the factors are present to allow an equitable tolling of any statutory limitation, assuming *arguendo* that the FAA does apply to the facts of our case. The Andrews Court, referring to earlier opinions, the citations of which are omitted here, identified these factors as: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

If there is not an agreement to arbitrate, the enforcement provisions of the "FAA", including 12, should not restrict the Plaintiff. Should the court find that the "FAA" does apply herein, the court should apply the due diligence and/or equitable tolling exceptions.

III. RES JUDICATA

MBNA's argument's concerning res judicata and collateral estoppel assume a

binding final judgment or enforceable arbitration award. As previously stated, because there was no agreement to arbitrate, no Defendant will be able to comply with §13 of the "FAA" and enforce the award. MBNA's citation of this court's ruling in Mahan v. Reynolds Metals Co. 509 F. Supp. 499 (E.D. Ark 1983), affirmed by Mahan v. Reynolds Metals Co. 739 F2d 388 (8th Cir. 1984) illustrates their misapplication of the law to the facts of this case. In Mahan, this court upheld the prior arbitration award as "res judicata…, as long as the arbitrator's decision drew its essence from the contract." Here there was no agreement/contract to arbitrate and therefore res judicata nor collateral estoppel should apply.

### IV. FAIR DEBT COLLECTION PRACTICES ACT (hereinafter referred to as"FDCPA")

Plaintiff has alleged that the FDCPA applies to MBNA, that is involved in the collection of personal debtors, and that it regularly attempts to collect alleged personal consumer credit card debts by using the mails and telephone. (See Plaintiff's Complaint @ Paragraph 4) MBNA should not raise this "affirmative defense" in its 12(b)(6) Motion to Dismiss, and can only offer supposition of it's debt collection practices therein.

The Complaint alleges that MBNA claimed a contract for credit card services existed with the Plaintiff, that the "alleged debt" was transferred to Defendant CACV of Colorado, LLC and that the arbitration award to CACV should be set aside. Defendant MBNA should not be able to circumvent the restrictions of the FDCPA by transferring a particular credit card debt to another company, when in reality there is a continuing unjustified harassment of the Plaintiff by each Defendant in succession. The actions of each Defendant should be collectively viewed as continuing violations and the Plaintiff's

allegations under the FDCPA as timely.

## V.  FAIR CREDIT REPORTING ACT 15 USC 1681 *et seq* (hereinafter referred to as FCRA)

Defendant's assertion that Plaintiff's third (3rd) claim (Invasion of Privacy) and fifth claim (5th) (Libel) for relief are preempted by the Fair Credit Reporting Act (FCRA), 15 USC § 1681, et seq. is misplaced.  This Act exempts state statutory regulation (15 USC §1681 ) and certain tort claims (15 USC § 1681 h) except under certain instances.  Plaintiff makes no claim under state statutory regulations.  Plaintiff's third and fifth claim for relief fall under the exception of 15 USC §1681 h (e) which states in part:

"...no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy or negligence. "...except as to false information "furnished with malice or willful intent to injure such consumer."[emphasis added]

Plaintiff's Complaint in Paragraphs 43 and 53 alleges "actual malice or reckless disregard as to the falsity of these reports by Defendant's" third and fifth claims for relief are not, therefore, preempted by the FCRA.  See also Yutesler v. Sears Roebuck & Co. 263 F.Supp. 2d 1209 (D. Minn. 2003); Thorton v. Equifax, Inc.  619 F2d 700 (1980)

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the court deny the Motion to Dismiss of Defendant MBNA America Bank, N.A. and granting such other and further relief, including costs and attorney's fees in defense thereof, as the court deems just and proper.

Respectfully submitted,

_____
J. Fletcher See, III     AR No. 87156
Counsel for Plaintiff
10800 Financial Centre Parkway
Suite 240
Little Rock, Arkansas 72111
Telephone: (501) 227-4424

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel listed below via U.S. Mail, first class postage pre-paid this ____ day of June, 2005.

_____
J. Fletcher See, III

Attorney Frederick Ursery
Attorney Jamie Huffman Jone
200 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201

Attorney Becky McHughes
917 West 2nd Street
P.O. Box 2180
Little Rock, Arkansas 72203