IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHARLES WEBB                                                                                          PLAINTIFF

vs.                                              CASE NO. 1:04CV00107GH

MBNA AMERICA BANK, ET AL.                                                           DEFENDANTS

## ORDER

Plaintiff brings this action alleging that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). Additionally, he brings state claims for invasion of his right of privacy, intentional infliction of emotional distress and libel.

Defendant MBNA has filed a motion to dismiss. MBNA argues that the claims attacking or seeking to vacate the arbitration award are barred by the statute of limitations of the FAA.

Pursuant to 9 U.S.C. § 12, challenges to arbitration awards must be filed within 90 days of the award. ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."). "A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981),

Here, the arbitration award was issued on November 6, 2003. Plaintiff did not file this action until December 17, 2004.

Plaintiff raises a number of arguments concerning the validity of the arbitration agreement. Arguments similar to those raised by plaintiff have been rejected by the courts. In *Morton v. AMISUB St. Joseph Hospital*, 155 F. 3d 1040,

-1-

1041 (8th Cir. 1998), the court rejected the plaintiff's assertion that there was no binding agreement to arbitrate, and that the agreement to arbitrate was an unenforceable contract of adhesion.  The court affirmed the dismissal of the complaint, finding that the plaintiff "waived her right to pursue her claims in the lawsuit by . . . participating in the arbitration, and failing to file a timely petition or motion to vacate the arbitrator's award."

Similarly, there is no basis or authority for the application of "due diligence" or "equitable tolling", as urged by plaintiff, in this situation.  Plaintiff has offered no justification as to why his federal action was filed more than 9 months after the issuance of the aware.

> Under the FAA, a court may vacate an arbitration award in any of the following cases: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, or in refusing to hear evidence material to the controversy, or of any other misbehavior; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made. 9 U.S.C.A. § 10(a) (Supp.1997). Under § 12 of the FAA, a party can file a motion to "vacate, modify, or correct an award." 9 U.S.C.A. § 12 (1970). Such a motion, however, "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." *Id.* Furthermore, we have held that a "failure to file a motion to vacate, modify, or correct within three months of either the initial award or the Clarification of Award waived any defenses to confirmation that might be asserted in a timely motion to vacate." *Domino Group, Inc. v. Charlie Parker Memorial Foundation,* 985 F.2d 417, 419 (8th Cir.1993) (citations omitted).

*Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe,* 146 F.3d 573, 578 -579 (8th Cir. 1998).

The Court finds that plaintiff's Second and Sixth Claims for Relief–those brought pursuant to the FAA—are barred by the statute of limitaitons and are therefore dismissed.

MBNA also seeks dismissal of the remaining claims on the basis of res judicata, collateral estoppel and other statutory provisions.  That there has been a previous ruling that the debt was properly due and owing does not preclude plaintiff from

bringing an action based on defendants' actions with regard to the collection of the debt. The FDCPA was enacted to "stop 'the use of abusive, deceptive and unfair debt collection practices by many debt collectors.' 15 U.S.C.A. § 1692(a). Impermissible practices include harassing, oppressive or abusive conduct; false, deceptive or misleading representations; and unfair or unconscionable collection methods. 15 U.S.C.A. § 1692d-f. . . . The case law on this issue focuses on the debt collector's actions, and whether an unsophisticated consumer would be harassed, misled or deceived by them. " *Freyermuth v. Credit Bureau Services, Inc.,* 248 F.3d 767, 771 (8th Cir. 2001). An action under the FDCPA is not contingent upon the validity of the underlying debt. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). Thus the defenses of res judicata and collateral estoppel are not applicable to plaintiff's FDCPA and state law claims.

MBNA further states that it is not a "debt collector" under 15 U.S.C. § 1692(a)(6). In considering a motion to dismiss, the Court must view the allegations in the complaint in a light most favorable to the non-moving party to determine whether he can prove any set of facts that would entitle him to relief. *Madsen v. Audrain Health Care, Inc.*, 297 F.3d 694, 697 (8th Cir. 2002). Here, plaintiff has alleged that MBNA is involved in the collection of personal debts and that it regularly attempts to collect personal consumer credit card debts by using the mails and telephone. Plaintiff alleges actions done by MBNA, by agents of MBNA or on behalf of MBNA associated with the collection of the debt. Based on the allegations in the complaint, the Court cannot find that MBNA is not a "debt collector" under the Act.

MBNA further alleges that plaintiff's claim under the FDCPA is barred by the one-year statute of limitations. Actions for violation of the FDCPA must be brought within one year of the date on which the violation occurred. 15 U.S.C. § 1692k(d); *James v. Ford Motor Credit Co.*, 47 F. 3d 961, 962 (8th Cir. 1995). The harassing actions of which plaintiff complains began in 2001. According to the allegations in the complaint, defendants have continued to harass plaintiff even after the arbitration award. Based on the allegations in the complaint, the Court cannot find that

plaintiff's claim is barred by the statute of limitations.

MBNA also asserts that plaintiff's pendent claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  Under 15 U.S.C. § 1681h(e), actions in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information are precluded except as to false information furnished with malice or wilful intent to injure the consumer. "The FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him. 15 U.S.C. § 1681h(e)." *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 638 (5th Cir. 2002); *See Thornton v. Equifax, Inc.*, 619 F. 2d 700 , 703 (8th Cir. 1980) (under limitation of § 1681h)(e), no defamation or like action allowed under FCRA unless malice or wilful intent is alleged); *Yutesler v. Sears Roebuck and Co.*, 263 F. Supp. 2d 1209 (D. Minn. 2003) (allegations of "wilful disregard" in complaint sufficient to bring plaintiff's state law claim for defamation of credit within § 1681h(e).  Here, plaintiff alleges "actual malice or reckless disregard as to the falsity of these reports by defendant. . ." Thus, the Court is not persuaded that the third and fifth claims for relief, that is the claims for invasion of privacy and libel, should not be dismissed.

Accordingly, the motion to dismiss is granted in part and denied in part.  The claims alleging violation of the FAA and seeking vacation of the arbitration award as well as damages for violation of the FAA (Second and Sixth Claims) are hereby dismissed; in all other respects the motion to dismiss is denied.

IT IS SO ORDERED this 13th  day of October, 2005.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE