IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHARLES WEBB                                                                                    PLAINTIFF

vs.                                    CASE NO. **1:04CV00107GH**

MBNA AMERICA BANK, ET AL.                                                        DEFENDANTS

## **ORDER**

Plaintiff brings this action alleging that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). Additionally, he brings state claims for invasion of his right of privacy, intentional infliction of emotional distress and libel. In an October 13, 2005, Order, the Court dismissed two of plaintiff's claims seeking to invalidate the arbitration award (Second and Sixth Claims for Relief).

Defendant MBNA (MBNA) has filed a motion to compel arbitration of the remaining claims. Defendants CACV, Inc. and CACV of Colorado, LLC (CACV) have filed a motion for summary judgment. In response to their motions, plaintiff asserts that there was no valid agreement to arbitrate. Plaintiff's argument is foreclosed by the October 13th ruling of the Court. In that Order the Court stated as follows:

> Plaintiff raises a number of arguments concerning the validity of the arbitration agreement. Arguments similar to those raised by plaintiff have been rejected by the courts. In *Morton v. AMISUB St. Joseph Hospital*, 155 F. 3d 1040, 1041 (8th Cir. 1998), the court rejected the plaintiff's assertion that there was no binding agreement to arbitrate, and that the agreement to arbitrate was an unenforceable contract of adhesion. The court affirmed the dismissal of the complaint, finding that the plaintiff "waived her right to pursue her claims in the lawsuit by . . . participating in the arbitration, and failing to file a timely petition or motion to vacate the arbitrator's award."

*Webb v. MBNA America Bank*, 2005 WL 2648019 (E. D. Ark. 2005).

Plaintiff has remaining claims for violation of the FDCPA, invasion of privacy, intentional infliction of emotional distress and libel.

-1-

On November 11, 2001, MBNA sold, set over and transferred to CACV, Inc., the account of plaintiff. On September 25, 2002, the account was assigned from CACV, inc. to CACV of Colorado, LLC. On July 31, 2002, plaintiff was forwarded a verification of the debt by P. Scott Lowery Office in Colorado. Thereafter, the matter was submitted to arbitration pursuant to the credit card agreement. Plaintiff, with his counsel, participated in the arbitration proceeding. On November 6, 2003, an arbitration award was entered in favor of defendant CACV of Colorado, LLC in the amount of $16,827.84. On October 7, 2004, CACV filed a Petition to Enforce Arbitration Award in the Circuit Court of Sharp County, Arkansas and plaintiff was served with process. Plaintiff filed this action on December 17, 2004, essentially attacking the arbitration award and the actions of defendants in collecting the debt and enforcing the arbitration award.

The Credit Card Agreement provides *inter alia* the following provision:

**Arbitration:** Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from, or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort or otherwise and whether for money damages, penalties or declaratory or equitable relief, including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration. . . This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. § § 1-16 ("FAA").
. . .
For the purpose of this Arbitration Section, "we" and "us" means MBNA America Bank, N.A., its parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any and all of them.
. . .
THE RESULT OF THIS ARBITRATION AGREEMENT IS THAT, EXCEPT AS PROVIDED ABOVE, CLAIMS CANNOT BE LITIGATED IN COURT, INCLUDING SOME CLAIMS THAT COULD HAVE BEEN TRIED BEFORE A JURY . . .

As stated above, plaintiff's debt was submitted to arbitration pursuant to the agreement. The arbitrator found a valid agreement to arbitrate, and ordered plaintiff to pay . There is no basis for the Court to disturb or overturn that finding by the arbitrator.

The issue is, then, whether the agreement to arbitrate encompasses plaintiff's other

claims.  The remaining claims against defendant arise from the charges on the credit card and defendants' attempts to collect those charges.   The broad language of the credit card agreement encompasses claims arising from or relating to the arbitration agreement, and the Court finds that the remaining claims are subject to arbitration pursuant to the credit card agreement.  Furthermore, the arbitration agreement is applicable not only to MBNA but to CACV as its assigns.    *See Hoefs v. CACV of Colorado, LLC.*, 365 F. Supp. 69, 74-75 (D. Mass. 2005).

The Court, therefore, finds that the motion to compel arbitration should be granted.  Because the arbitration also applies to CACV, its motion for summary judgment will be denied.

Plaintiff has asked that the Court stay the action rather than dismiss it as requested by MBNA.  However, as there are no arbitrable claims, there is no basis for the Court to stay the action.  *See Kalinski v. Robert W. Baird & Co., Inc.*, 184 F. Supp. 2d 944, 946 (D. Neb. 2002).

Accordingly, the motion to compel arbitration is granted; the motion for summary judgment is denied.  The case is hereby dismissed .

IT IS SO ORDERED this 10th day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE